UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERETTE HAMBRIC, M.D.,

      Petitioner,                                 Criminal Case No. 03-80183
                                                            Civil Case No.  05-71134

v.

                                                            Honorable John Corbett O'Meara

UNITED STATES OF AMERICA,

      Respondent.

_____/

**OPINION AND ORDER
DENYING PETITIONER'S MARCH 23, 2005 MOTION TO VACATE**

This matter came before the court on petitioner Everette Hambric's March 23, 2005 motion to vacate sentence pursuant to 28 U.S.C. § 2255.  The government filed a response May 6, 2005.  Petitioner filed a request for default October 5, 2005.

Petitioner Hambric pleaded guilty to one count of illegally distributing controlled substances and one count of health care fraud.  Under the terms of his Rule 11 plea agreement, the court could have imposed a sentence of up to 57 months.  Under 18 U.S.C. § 3663(a)(3), the parties agreed to restitution in the amount of $9,990.00.  Petitioner waived his appeal rights and agreed that "This [plea agreement] is the entire agreement between the defendant and the United States Attorney . . . ."

On March 23, 2004, the court imposed concurrent sentences of 46 months, along with the agreed upon restitution of $9,990 to the Michigan Medicaid Program, the victim of his fraud.  The court has already rejected Petitioner's post-conviction attempt to modify this judgment by relieving him of his obligation to comply with the Inmate Financial Responsibility Program.  See March 10, 2005 Order.

The court finds that Petitioner is not entitled to resentencing under Booker v. Washington, 543 U.S. 220 (2005). The Court's holding in Booker, which requires a jury finding or an admission during a guilty plea of facts used to reach a sentence, is explicitly limited to cases that were on direct review. The Court of Appeals for the Sixth Circuit has held that Booker is not retroactive to cases on post-conviction review. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005).

In addition, Petitioner is not entitled to vacate the restitution portion of his sentence. Hambric argues that his attorney rendered ineffective assistance of counsel by failing to object at sentencing to the order of restitution. However, the amount was a negotiated provision of the Rule 11 plea agreement. Asking the court to reject a provision of the plea agreement would have been a breach of the agreement, allowing the government to withdraw from the agreement and perhaps bring additional charges. Nothing in Petitioner's lengthy motion suggests that he wanted his attorney to withdraw from the favorable plea agreement that was negotiated or that failure to attempt to withdraw from the plea agreement amounted to ineffective assistance of counsel. Furthermore, the presentence report indicated that Petitioner had sufficient assets and earning ability from which to pay the restitution.

Finally, Petitioner claims to have received a letter from the United States Attorney's Office promising him that he would not have to pay his fine while he was in prison. The government disputes that claim. In any event, the Rule 11 plea agreement provides that it is "the entire agreement between defendant and the United States Attorney with respect to the charges noted above in this criminal case." Plea agreement at ¶ 6. Thus, the plea agreement extinguished any other letter "agreement" by the United States Attorney.

**ORDER**

It is hereby **ORDERED** that petitioner Everette Hambric's March 23, 2005 motion to vacate is **DENIED.**

It is further **ORDERED** that Petitioner's October 5, 2005 request for default is **DENIED AS MOOT.**

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  December 22, 2005